# ESTATE OF JAMES DOUGLASS
## v.
## JAMES FULLERTON.

1. TESTIMONY—INTERESTED WITNESS.—Interest in the event of a suit does not necessarily detract from the credibility of a witness, nor is it correct to instruct the jury that when a witness testifies against his own interest his testimony is entitled to greater weight than when testifying in favor of himself. Interest of a witness may be taken into consideration by the jury in judging of the witness' credibility.

2. HEIRS NOT INCOMPETENT AS WITNESSES.—In a proceeding by an administrator to establish a personal claim against his intestate's estate, the heirs of the intestate are not incompetent as witnesses.

ERROR to the Circuit Court of Perry county; the Hon. W. H. SNYDER, Judge, presiding. Opinion filed August 14, 1880.

Messrs. T. T. & D. W. FOUNTAIN, for plaintiff in error; that the executor of the estate was a competent witness as to credits made on the notes in evidence, cited Steele v. Clark, 77 Ill. 471; Bushnell v. Wood, 85 Ill. 88; Weyrich v. The People, 89 Ill. 90.

The daughters of deceased were competent witnesses in behalf of the executor in this proceeding: Boynton v. Phelps, 52 Ill. 210; Merrill v. Atkins, 59 Ill. 19; Freeman v. Freeman, 62 Ill. 199; Byers v. Thompson, 66 Ill. 421; Alexander v. Hoffman, 70 Ill. 114.

Douglass v. Fullerton.

Messrs. MURPHY & BOYD BROS., for defendant in error; that the weight to be attached to the testimony of a witness is the peculiar province of the jury to determine, and their verdict should not be disturbed, cited Johnson v. Moulton, 1 Scam. 532; Allen v. Smith, 3 Scam. 97; Lowry v. Orr, 1 Gilm. 70.

It is not error to refuse testimony that is merely cumulative: Clement v. Brown, 30 Ill. 43.

The province of a bill of exceptions is to show that improper testimony has been received or proper testimony rejected, and where objection is made and sustained to a question, the answer of the witness should appear : Miller v. Houcke. 1 Scam. 501; Russell v. Martin, 2 Scam. 492; Hayes v. Smith, 3 Scam. 427; Warner v. Manski, 17 Ill. 235.

A party complaining of rejected testimony, should show what this testimony was: Kirby v. Watt, 19 Ill. 393; Stack v. The People, 80 Ill. 32.

Giving erroneous instructions will not be ground for reversal where the evidence clearly shows the verdict was right: Hall v. Groufe, 52 Ill. 421; Quinn v. Ill. Cent. R. R. Co. 51 Ill. 495.

When an erroneous instruction is qualified by another, the two should be considered together: Van Buskirk v. Day, 32 Ill. 260.

CASEY, J.   This case originated in the County Court of Perry county, Illinois.   The defendant in error was the son-in-law and administrator of the estate of James Douglass, deceased.   He presented a claim against said estate.   The county court appointed an administrator to appear and defend for the estate.   The cause was heard in the county court and judgment entered for the claimant.   The cause was appealed to the circuit court, when, upon a hearing before a jury, there was a verdict for the claimant.   A motion for a new trial, was interposed, which was overruled, and the case is brought to this court by a writ of error.   It is assigned for error, that the court gave improper instructions on the part of the plaintiff (below), and that the court erred in refusing to allow Elizabeth Peel and others, daughters of deceased, to testify.

The first instruction given on the part of plaintiff below is as follows: "When a witness testifies against his own interest, his testimony is entitled to greater weight than when a witness testifies in favor of his own interest. Interest in the event of a suit always detracts from the credibility of a witness."

This is not a correct statement of the law. The interest of the witness in the result of the suit, his appearance on the witness stand, etc., may be taken into consideration by the jury in judging of the credibility of a witness. But it may not be true that when a witness is testifying against his own interest, he is entitled to greater weight than when a witness is testifying in favor of his own interest. An interest in the event of a suit does not necessarily detract from the credibility of a witness. As before stated, these are simply circumstances that the jury may take into consideration.

During the progress of the trial the defendant below offered to introduce Margaret Peel, a material witness on the part of the defendant. Margaret Peel being a daughter of the deceased, objection was made to her competency. The objection was sustained. "The court refused to allow her to testify on account of her being interested in the result of the suit, the suit being against an executor, and therefore said witness could not testify on motion of the executor in her own interest." The defendant in error was not suing or defending as administrator. He was simply prosecuting a claim against the estate—another person was acting as administrator. All objections to the competency of the witness were removed by the act of 1867, allowing parties to testify as witnesses, except in the cases therein specified. This act is included in the revision of 1874. Underwood's Statute, p. 581, Sec. 1. This question has been expressly decided by the Supreme Court in the case of Byers, Jr. v. Thompson, 66 Ill. 422. It does not appear from the record that the other parties sought to be introduced by appellant on the trial of the cause were material witnesses. For the reasons given above, the judgment of the circuit court is reversed and the cause remanded.

Judgment reversed.