WILLIAM G. WILLIAMS

v.

JOHN H. SHUP.

1. PRACTICE—PARTY ENTITLED TO BEGIN AND REPLY.—The general rule is that the burden of proof is upon the party who substantially asserts the affirmative of the issue, and as a consequence the party so asserting the affirmative is entitled to begin and reply, regard being had to the substance and effect of the issue rather than the form of it.

2. BURDEN OF PROOF—INSTRUCTION.—Where the pleas admitted plaintiff's cause of action and by the plea of set-off defendant asserted that plaintiff owed him a greater sum for certain services, defendant was, in

Williams v. Shup.

effect, maintaining a cross-action against plaintiff for this demand, and his attitude and mode of trial were the same as though he was prosecuting an original action.   As the burden of proof was then upon defendant to establish his demand by the preponderance of the evidence, and he must show that the services were rendered under some contract, express or implied, the nature of the contract, and its terms, if express, the instruction given in the case was erroneous.

3.  INSTRUCTION AS TO INTEREST OF WITNESS.—The interest of a witness in the event of a suit is properly to be regarded in estimating the weight of his testimony, and in a case where an interested party testifies, a court should not refuse to give an instruction to such effect.

ERROR to the Circuit Court of Jasper county; the Hon. WILLIAM C. JONES, Judge, presiding.   Opinion filed April 13, 1883.

Mr. JOHN H. HALLEY, for plaintiff in error; that it was error for the court to allow defendant to open and close, cited Young v. Highland, 9 Grattan, 16.

Defendant in his cross-action must rely on outside and independent matters: Shugart v. Halliday, 2 Bradwell, 45.

The interest of a party may be shown to affect his credibility: R. S. Ch. 57.

Messrs. GIBSON & JOHNSON and Messrs. FITHIAN, HEAP & WHEELER, for defendant in error.

WALL, J.   Williams sued out an attachment against Shup and filed a declaration containing one count in indebitatus assumpsit for money had and received by defendant for the use of plaintiff, etc.   The defendant pleaded, 1st, payment, 2d, set-off for labor and services in and about the business of the plaintiff; and to these pleas general replications were filed.  The case was tried by jury; verdict in favor of defendant for one dollar.   Motion for new trial denied and judgment on the verdict.

The defendant was permitted on the trial to open and close the case to the jury, and this ruling of the court is assigned as error.   The general rule is that the burden of proof is upon the party who substantially asserts the affirmative of the issue, and as a consequence the party so asserting the af-

firmative is entitled to begin and reply, regard being had to the substance and effect of the issue rather than the form of it. 1 Greenleaf on Evidence, Sec. 74. Here the affirmative of the issue was asserted by the defendant and the court committed no error in permitting him to begin and reply. It is next objected that the court erred in giving an instruction to the jury that if the plaintiff asserted that the services of the defendant were rendered upon a special contract for a certain price, it devolved upon the plaintiff to prove such fact, and unless he had done so by the weight of the evidence, the jury should allow the defendant what the services were reasonably worth according to the evidence. The defendant, as already stated, had asserted a set-off for the value of services rendered in and about the business of the plaintiff.

Williams, as appears from the evidence, was clerk of the Circuit Court of Jasper county, and Shup was his deputy. The latter had collected fees due the office from various persons, and it was for this money that the plaintiff had brought suit.

The pleas admitted the plaintiff's cause of action and by the plea of set-off the defendant asserted that the plaintiff owed him a greater sum for the services rendered by him as deputy. The defendant was thus in effect maintaining a cross-action against the plaintiff for this demand, and his attitude and the mode of trial were the same as though he was then prosecuting an original action. The burden of proof then was on him to establish his demand by the preponderance of the evidence. He was required to show that the services were rendered under some contract express or implied, the nature of the contract, and to show what were the terms of it if express.

If there was an express contract, its terms would control. If there was no express contract, he must then have shown such a state of facts as would in law imply a promise on the part of Williams to pay what the services were reasonably worth.

The law would not authorize a recovery for the reasonable value unless there was such a condition of things as would

raise the implication of a promise to pay that value. In trying the issue here presented, Williams was not bound to make any proof, the burden being upon the other party to establish the whole case. Shup asserted as a part of his case that he rendered the service without any express contract, and the service being accepted by Williams, therefore there was an implied promise to pay the reasonable value.

It seems very clear that as it was necessary for him to show the nature of the contract under which the service was rendered, the instruction referred to was erroneous, and should not have been given. It is further objected that there was error in refusing to instruct the jury that in weighing the testimony of Shup they should consider his interest in the result. The interest of a witness in the event of the suit is properly to be regarded in estimating the weight of his testimony.

This is so elementary that perhaps it is not always necessary to so inform a jury, and perhaps the refusal to give it would not be sufficient cause to reverse a judgment in a case where there were no special circumstances requiring the jury to be reminded of so familiar a principle; but as the case must be reversed for the error already stated, it is proper to say that we see no substantial reason why this should have been refused, and that it should have been given. The judgment is reversed and cause remanded.