THE CITY OF CHICAGO

*v.*

MARTIN O'BRENNAN.

1. NEGLIGENCE—*in action against a city for, evidence of plaintiff's family and condition, irrelevant.* In an action against a city, to recover damages for a personal injury received in consequence of negligence and mere omission of duty, the plaintiff was allowed to testify against objection that he had a wife, seven young daughters and two sons in Ireland at the time of the accident, and *that he was their supporter as a lecturer : Held,* that the court erred in admitting the testimony, as exemplary damages were not recoverable in such a case and it was not relevant to any issue.

2. SAME—*special damage, must be claimed in the declaration.* In an action on the case against a city to recover damages for personal injury received through the mere negligence of the city, the only special damages alleged in the declaration was the amount paid out in endeavoring to get cured. The court permitted the plaintiff to give in evidence the fact of a

particular engagement to lecture in Virginia and the probable gains thereof: *Held*, that such testimony was inadmissible under the pleadings. To justify its admission these special damages and the facts upon which they were based should have been set out in the declaration.

3. SAME—*liability of city for an injury sustained from a public nuisance in respect to property occupied by it.* Where the plaintiff received a personal injury by the falling of a portion of the brick and plastering in a room occupied by a city as a common council room, it was held that if the dangerous condition of the premises at the time of the accident was the result of causes beyond the control of the city authorities, and the injury happened before the lapse of a reasonable time to restore them to a safe condition, then the city would not be liable.

4. But although the original cause might have been inevitable accident, yet if the city authorities continued to use the building for public meetings of the council and failed to repair the premises in a reasonable time, and the injury happened in consequence of such neglect, while the plaintiff was in the exercise of due care, the city would be liable to him.

5. SAME—*presumption as to duty of a municipal corporation to keep its public buildings in a safe condition.* Where the plaintiff sought to recover of a city for injuries received in consequence of a neglect to keep its common council room in a proper and safe condition, the court was asked to instruct the jury that to entitle the plaintiff to a verdict it must appear from the evidence that it was the duty of the city to keep the room where the plaintiff was injured in repair, which was refused: *Held*, that while the instruction embodied a correct proposition of law it was not error to refuse it, as the uncontradicted testimony was that the city at the time of the injury, and for many years before, had been in the exclusive possession of the premises for the purposes of the public sessions of its common council, and no testimony was offered tending to show the duty of any other party to keep them in repair; and therefore the duty of keeping them from becoming dangerous arose *prima facie* from the fact of possession.

6. SAME—*whether the owner or party in possession of real estate is liable for suffering a nuisance, etc.* The liability to an action in respect of real property, may be for *misfeasance* or *malfeasance*, as for obstructing ancient lights, or for *nonfeasance*, as for not taking care of premises, so as to prevent the consequences of a public nuisance. In these cases the action should, in general, be against the party who did the act complained of, or against the occupier, and not against the owner, if the premises were in the possession of his tenant, unless the owner had covenanted to repair.

APPEAL from the Circuit Court of Cook county ; the Hon. JOHN G. ROGERS, Judge, presiding.

11—65TH ILL.

Mr. I. N. STILES and Mr. JOHN LEWIS, for the appellant.

Mr. SIDNEY THOMAS, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This was *case*, brought in the circuit court of Cook county, by appellee against appellant, the City of Chicago, to recover damages alleged to have been sustained by him, from the falling of a portion of the brick and plastering in the common council chamber of said city, and striking appellee upon the head, thereby injuring him. The declaration contains but one count, and in substance alleges that the premises in question were, at the time, in the possession and use of the said city as a common council chamber; the power and duty of the city to keep the same in a safe and secure condition; but that the city, well knowing the premises, wrongfully and unjustly permitted said room to be and continue insecure, and that it was at the time so badly, insufficiently and defectively secured, that by means of the premises "the plaintiff, who was pursuing his avocation as a journalist, and wholly unaware of the insecurity of the building or council chamber aforesaid, and without any negligence on his part, then and there necessarily and unavoidably received several dangerous wounds by the falling down of some of the plastering and brick with violence on his bared head, and thereby the plaintiff, as a lawyer, lecturer and journalist, became and was sick, sore and incapacitated from attending to his business, and continued so for a long time, to wit: for two months. And as regards plaintiff's profession as a lecturer, he has been almost wholly, ever since, disabled from pursuing it." The only allegation of special damage in the declaration, is that he was obliged to and did pay, etc., a large sum of money, to wit: the sum of two hundred dollars, in and about endeavoring to get healed, etc.

Plea, not guilty. Trial by jury, verdict of guilty, and plaintiff's damages assessed at $950. Motion for new trial by defendant, which was overruled by the court and judgment given upon the verdict. The evidence and rulings of the court were preserved by bill of exceptions, and the case brought to this court by appeal. The errors assigned question the admissibility of certain evidence given on behalf of appellee, and the refusal of the court to give the seventh instruction asked on behalf of appellant.

Appellee was a witness for himself; and, after detailing the circumstances of the accident, he was asked, by his counsel, to state what family he had. To this appellant's counsel objected. But the court overruled the objection, and exception was taken. Appellee answered: I had a wife, seven young daughters and two sons. They were in Ireland at that time, *and I was their supporter as a lecturer.*

Was this evidence admissible? If it was, then it would have been competent to have gone farther, and shown all the circumstances of the family: Such as that the mother was an invalid; that one of the daughters was blind; that one son had accidently lost a leg, etc., if such had been the case, so as to present a most pitiable picture of a helpless family dependent upon appellee for support as a lecturer. For, as the evidence had no place in the case, but as a stimulant to the sympathy of the jury, it would be just as competent to make the stimulant strong as weak. But it was not competent at all. It is an elementary rule that the evidence must be confined to the points in issue. There was no point in issue to which this evidence had any relevancy. Could it have any legitimate bearing upon the question of damages? By no means. Because, in a case like this, the measure of damages goes only to the actual damage sustained, and compensation is the rule. Would appellee's counsel contend that it was competent for him to give direct evidence of his client's poverty? There is a class of cases, but quite distinguishable from this, in which it has been held, that the party injured

164          CITY OF CHICAGO *v.* O'BRENNAN.          [Sept. T.,

Opinion of the Court.

*may* show his own poverty of circumstances as well as the wealth of his opponent, as bearing upon the question of damages. But that class is where the injury is of a different character, and where the jury are warranted in going beyond the actual, and in giving exemplary or punitory damages. *Grable* v. *Margrave,* 3 Scam. 372.

This sort of attempt to foist irrelevant matters upon the attention of the jury with a view to creating a personal interest, is too often the secondary resort of a *party* on the witness stand who is too conscientious to commit perjury, but not sufficiently self-possessed to resist the impulses of feeling and self-interest. Next to the temptation to perjury, this practice constitutes the chief vice springing from the statute making parties competent witnesses, and makes no inconsiderable degree of watchfulness necessary to keep them within the rule requiring the evidence to be confined to the points in issue.

The court permitted appellee's counsel to give in evidence, through appellee as witness, the fact of particular engagements to lecture in the State of Virginia, and the probable gains thereof, and that appellee was prevented from fulfilling them by reason of the injury, and his estimates of the special loss thereby sustained. Exception was taken to the admission of this evidence by appellant's counsel, who now insist that it was inadmissible on the ground that it was special damage, which was not alleged in the declaration. We have read the declaration with care, and set forth all that relates to special damages, which is confined to the amount paid out in endeavoring to get cured. The point is well taken and is too plain to admit of argument.

In order to subserve the ends of good pleading, which are to apprise the opposite party of the nature of the claim, and prevent surprise, it was necessary that these special damages and the facts on which they were based, should have been set out in the declaration.

The only remaining point relied upon, is that the court refused to give appellant's seventh instruction, as follows: "The jury are instructed, that, to entitle the plaintiff to a verdict, it must appear from the evidence, that it was the duty of the city of Chicago to keep the room where the plaintiff was injured, in repair." This instruction embodies a correct proposition of law. Nevertheless, as the case stood, it was not error to refuse it. The testimony is uncontradicted, that the city was, at the time of the injury, and for many years previously thereto had been in the exclusive possession of the premises, for the purpose of the public sessions of the common council of the city. And no testimony was offered tending to show that any other party was bound to keep them in repair. Now, the duty of keeping these premises in repair to the extent of preventing them from becoming dangerous to life and limb—or in other words, from becoming a public nuisance—arose *prima facie* from the fact of possession.

The liability to an action in respect of *real* property may be for *misfeasance* or *malfeasance*, as for obstructing ancient lights ; or for *nonfeasance*, as for not taking care of premises, so as to prevent the consequences of a public nuisance. In these cases the action should, in general, be against the party who did the act complained of, or against the occupier, and not against the owner, if the premises were in possession of his tenant, unless the owner had covenanted to repair. 1 Chit. Pl. 82, 83.

It has accordingly been held that if a third party sustained damages by defect or want of repair of premises in possession of a tenant, the law will presume that the tenant, and not the landlord, is responsible therefor, though this is subject to be rebutted by evidence. *Kastor* v. *Newhouse*, 4 E. D. Smith, 20 ; *Payne* v. *Rogers*, 2 H. Bl. 349 ; *Chatham* v. *Hampson*, 4 Term R. 318.

It is a general rule of evidence that a person in possession of land is *prima facie* presumed to be seized in fee. Whether the fact that this was a municipal corporation in possession

of a portion of a public building within its own limits, would weaken or strengthen that presumption, is a question we need not discuss. The law will not presume the possession to have been wrongful; and if rightful, it must have been that of an owner or tenant. But even if the city had been a disseisor and in possession as such, still if it appropriated them to public use, as shown by the evidence, it would be responsible for the consequences of a public nuisance if it failed to take such care of them as was necessary to prevent their becoming dangerous to life or limb.

If the condition of the premises, at the time of the injury, was the result of causes beyond the control of the city authorities, and the injury happened before the lapse of a reasonable time to restore them to a safe condition, then the city would not be liable. Although the original cause might have been inevitable accident, yet if the city authorities continued to use them for public meetings of the council, but failed to repair within a reasonable time, and the injury happened to appellee in consequence of such neglect, while he was in the exercise of due care, the city would be liable.

For the errors pointed out, the judgment must be reversed and the cause remanded.

*Judgment reversed.*