## THE CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY

### v.

### FANNY M. HENRY, Adm'x, etc.

1. MASTER AND SERVANT—COMMON EMPLOYMENT.—Persons engaged by a railroad company in loading its cars with freight, and a person employed by the same company as a switch-tender, are not engaged in a common employment, so that no recovery can be had against the common master for an injury to one occasioned by the negligence of the other. But an engineer running a switch-engine, and a switch-tender, are engaged in a common employment.

2. ACTION FOR INJURIES—POVERTY OF PLAINTIFF.—In an action by a wife to recover damages for the death of her husband, occasioned by the negligence of the defendant, it is error to permit the plaintiff to introduce evidence of the poverty of herself and children.

3. PLEADING—PRACTICE.—Negligence not averred in the declaration to be the cause of the injury, will not support a verdict.

APPEAL from the Circuit Court of Rock Island county; the Hon. ARTHUR A. SMITH, Judge, presiding. Opinion filed December 4, 1880.

This action was commenced in the Circuit Court of Rock

Island county by the appellee, Fanny M. Henry, as the administratrix of her deceased husband, Franklin P. Henry, to recover from the appellant damages for the alleged negligent killing of her said husband.

The intestate was in the employ of the appellant as a switch-tender and brakeman, in its yards at Rock Island, and it appaers that it was one of his duties to couple cars in making up trains, and attend to the switches when cars were being distributed to the different tracks in the yard.

On the evening of the 24th day of May, 1879, a freight train came into the yard from the west, and was there delivered to the yard-men for the purpose of having the cars distributed upon the various tracks, where the outgoing trains in which the cars were to be placed were to be made up. Among the cars in this train was one flat, loaded with sixteen pairs of car-wheels, and this car was taken by the yard engine and switched upon a track upon which was standing a loaded grain car, for the purpose of having it coupled to the grain car. The deceased went down the track to the grain car and awaited the coming of the flat, intending to make the coupling, but when the car of wheels struck the grain car, and while deceased was between them, the first pair of wheels were thrown from the car and falling upon Henry, killed him.

The grounds upon which a right of recovery is based, as alleged in the declaration, are that the servants of the company, whose duty it was to load the car wheels, and with whom deceased had no connection, did not in such loading use proper care to prevent the wheels from falling off the car when the car should be subjected to the ordinary jerking and collisions incident to freight cars in transportation and in making couplings with other cars.

The theory of the defense in the trial below was, that the engineer in charge of the switch-engine, as it is called, was careless in sending the car of wheels down the track with unnecessary velocity, and the "bumping" of the cars caused thereby was so great as to throw the wheels off, although properly loaded, and that the engineer, being the fellow-servant of the deceased, engaged in the same line of employment,

and his death being caused by the negligence of such fellow-servant, the appellee cannot recover.

The respective parties introduced evidence to the jury tending to establish their respective theories of the case. The court permitted the appellee to prove, over the objection of the appellant, that at the time of the death of her husband she and her children depended entirely upon the labor of the husband and father for their support, and that she had no other means of support.

The jury returned a verdict of $4,000 for the plaintiff, upon which the court, after overruling a motion for a new trial, entered judgment, and the defendant appealed.

Mr. CHARLES M. OSBORN, for appellant; that the burden is upon the plaintiff to show that the accident occurred through defendant's negligence, cited Ill. Cent. R. R. Co. v. Houck, 72 Ill. 285; Camp Point. Mfg. Co. v. Ballou, 71 Ill. 417.

There can be no recovery for a negligence not averred in the declaration: C. W. D. Ry. Co. v. Hughes, 69 Ill. 170.

Evidence of the pecuniary circumstances of the plaintiff is not admissible in such actions: C. & N. W. R. R. Co. v. Moranda, 93 Ill. 302; Ill. Cent. R. R. Co. v. Baches, 55 Ill. 329; Chicago v. O'Brennan, 65 Ill. 160; P. Ft. W. & C. R. R. Co. v. Powers, 74 Ill. 341.

It was error to allow counsel for plaintiff in his argument to comment upon the poverty of the family of deceased: Hennis v. Vogel, 87 Ill. 242; Fox v. The People, Sup. Ct. Ill. May, 1880; Brown v. Swineford, 7 Cent. Law Jour. 208.

Messrs. KENWORTHY & BEARDSLEY, for appellee.

PILLSBURY, J. Under the decision in the case of the Northwestern Railway v. Moranda, 93 Ill. 302, there can be no doubt that the servants of the company, whose duty it was to load the car, were not fellow-servants of the deceased engaged in the same line of employment, and it is equally clear that the engineer in charge of the yard-engine in the Rock Island yard, while engaged in switching cars for deceased to couple with others, was such fellow-servant.

It therefore follows that if the death of appellee's intestate was caused by the negligence of the former in loading the car, he being at the time in the exercise of ordinary care upon his part to avoid injury, the company would be liable—otherwise, if caused by the negligence of the latter.

The issue was thus presented before the jury, and was clearly defined in the evidence, and the testimony, as it appears in the record, is quite conflicting upon this question; and as the cause must be submitted to another jury, we deem it unnecessary to comment upon the weight of the evidence.

It is an error fatal to this judgment that the court permitted the plaintiff to introduce testimony showing the poverty of the plaintiff and her children, and that they had no means of support save the labor of deceased.

The judgment in Moranda's case, *supra*, was reversed for this error alone, and in that case the cases of Chicago v. O'Brennan, 65 Ill. 160, and Railway Co. v. Powers, 74 Ill. 343, were cited with approval, as holding the same rule.

We are also of the opinion that the third instruction asked by the appellant should have been given to the jury without modification, as it but calls the attention of the jury to the well settled rule that negligence of the servants of appellant, not averred in the declaration to be the cause of the injury, will not sustain a recovery under the pleadings.

Complaint is also made that the court, over the objection of the defendant, permitted the counsel for plaintiff to comment upon the poverty of the next of kin, and the loss of their means of support through the negligence of defendant in causing the death of their protector. Upon another trial, when the objectionable; testimony above mentioned will be excluded, there will be no basis in the record for such remarks of counsel, and the high professional character of counsel engaged in this cause forbids us to assume that they will not confine themselves to the record in their argument to the jury.

For the reasons given the judgment must be reversed and the cause remanded.

Reversed and remanded.