## North Chicago Street Railroad Co. v. Anna Belle Barber.

1.  DAMAGES—*Evidence of Special Engagements.*—While it is competent under general allegations in actions for personal injuries to show the occupation and business of the plaintiff and her ordinary wages or earnings, it is not competent to show a special engagement and loss consequent.

2.  PLEADING—*Special Damages.*—The ends of good pleading, which are to apprise the opposite party of the nature of the claim and prevent surprise, make it necessary that special damages, and the facts on which they are based, should be set out in the declaration.

3.  SAME—*Averments of Particular Damages.*—In order to recover compensation in actions for personal injuries for inability to work at the plaintiff's ordinary employment, all that is necessary in the declaration is the general averment of such inability, caused by the injury, and consequent loss and damage; and proof of his particular employment or business, and of his ordinary wages or earnings therein, is admissible in evidence under such general averment; but where it is sought to recover for loss of property or earnings that depend upon the performance of a special contract or engagement, then such special and particular damages, and the facts on which they are based, must be set out in the declaration.

Trespass on the Case, for personal injuries. Trial in the Superior Court of Cook County; the Hon. WILLIAM G. EWING. Judge, presiding. Verdict and judgment for plaintiff. Heard in this court at the October term, 1897. Remittitur ordered and judgment affirmed. Opinion filed June 29, 1898.

EGBERT JAMIESON and JOHN A. ROSE, attorneys for appellant.

There can be no recovery of special damage in this case without an allegation in the declaration to that effect. City of Chicago v. O'Brennan, 65 Ill. 160; Tomlinson v. Derby, 43 Conn. 562; Taylor v. Monroe, Id. 43.

HENRY M. BACON and HENRY SCHOFIELD, attorneys for appellee; WILLIAM SCHOFIELD, of counsel.

MR. JUSTICE SEARS delivered the opinion of the court.

Appellee brought this suit to recover for personal injuries received while a passenger of the appellant and through its

negligence.   No question is raised as to the right to recover, nor is there any question as to the propriety of the procedure in the trial court, except in one particular, viz.: the admission of evidence showing special damages by reason of loss in a special engagement.   Appellee was engaged as the representative of a foreign firm of harp manufacturers to represent the business of the firm at the World's Fair at Chicago.   Her engagement was to give harp recitals and to sell the instruments.   She was permitted to testify that she was to receive during the engagement fifty dollars per week, and that during August, September and October, after the injury in question, she was unable to properly perform her task, and was obliged to pay out one-half of her salary to others who assisted her.   This testimony was objected to by appellant and, when admitted over objection, exceptions were preserved.   Under the pleadings here the testimony was not admissible.   The declaration contains no allegation of this special engagement or of any special damages in this behalf.

While it was competent, under the general allegations, to show the occupation and business of the appellee and her ordinary wages or earnings, it was not competent to show a special engagement and loss consequent.   City v. O'Brennan, 65 Ill. 160; City v. Chamberlain, 104 Ill. 268; T. W. W. Ry. Co. v. Friedman, 146 Ill. 583; C. & E. R. R. v. Meech, 163 Ill. 305.

In City v. O'Brennan, *supra*, Mr. Justice McAllister, in delivering the opinion of the court, said : "In order to subserve the ends of good pleading, which are to apprise the opposite party of the nature of the claim and prevent surprise, it was necessary that these special damages and the facts on which they were based, should have been set out in the declaration."

In C. & E. R. R. v. Meech, *supra*, the court said : "The rule deducible from the cases in this State is, that in order to recover compensation for inability to work at the plaintiff's ordinary and usual employment or business, all that is necessary in the declaration is the general averment of such inability, caused by the injury, and consequent loss and

damage, and that proof of his particular employment or business, and of his ordinary wages or earnings therein, is admissible in evidence under such general averment, but that where it is sought to recover for loss of property or earnings that depend upon the performance of a special contract or engagement, then those special and particular damages, and the facts on which they are based, must be set out in the declaration.   The distinction we have noted may be a relaxation of the common law rule, but it is founded upon the precedents to be found in our reports."

It is, however, exactly determinable what extent of prejudice may have resulted to appellant by the admission of this testimony.   The engagement covered just three months in which any loss is shown.   The amount of the loss is shown to have been just one-half of the salary for these three months.   This would amount to precisely $300. Appellant does not contend that it was prejudiced to any greater extent.   Nor is it claimed that the verdict is excessive, except in relation to these special damages and to the extent thereof.   It is, therefore, proper that opportunity be given to appellee to voluntarily cure the error by a remittitur and thereby avoid another trial.   To the extent of the remainder of the judgment, after a remittitur of $300, we think the award is fully sustained by the evidence.

If appellee shall remit the amount of $300, within ten days hereafter, the judgment will be affirmed as to the remainder; otherwise it will be reversed and the cause remanded.   In either event appellant will recover costs.