### Illinois Central Railroad Company v. A. C. Seitz.

1. FORMER APPEAL—*effect of.* Where the facts upon one appeal are substantially those appearing upon a previous one, the opinion filed in the first appeal and the judgment based thereon are conclusive upon the parties in the subsequent one.

2. CONDUCT OF COUNSEL—*when ground for new trial.* Where an attorney in his opening statement tells the jury of the poverty of his client, and seeks thereby and by kindred improper statements to inflame the passions of the jury against a defendant corporation, reversal will follow, notwithstanding the objectionable statements were objected to and the objections sustained.

Action of trover. Appeal from the Circuit Court of Christian County; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the May term, 1903. Reversed and remanded. Opinion filed November 9, 1903.

J. M. TAYLOR, for appellant; J. D. DRENNAN, of counsel.

JOHN E. HOGAN, for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

Appellee shipped a carload of goods over appellant's line of railroad from Chicago to Pana, Illinois. The goods were billed and rated as emigrant movables. The amount of freight was fixed and paid at Chicago on such classification. When the car reached its destination at Pana, the appellant claimed the goods were improperly classified; that if they

had been properly classified the freight would have been more; and that the erroneous classification was due to false representations made by appellee or his agent Kendall in whose name the goods were shipped as to the character of the goods. The agent of appellant demanded the additional freight. Appellee refused to pay it, and demanded the goods. Appellant refused to deliver them. Appellee then brought this suit in trover to recover the value of the cargo.

The case was in this court once before and the judgment obtained by appellee was reversed and the cause remanded. The opinion is reported in 105 Ill. App. 89.

Upon a re-trial of the case plaintiff recovered a judgment against the defendant for nine hundred seventy-five dollars, from which the present appeal is prosecuted. The facts being substantially the same as in the previous record, we regard the conclusions reached thereon in our former opinion as conclusive against appellant upon all grounds now urged for a reversal of the present judgment, except two, viz: first, the alleged misconduct of appellee's counsel upon the second trial; and, second, the contention that the judgment is excessive.

In his opening statement to the jury counsel for plaintiff stated that the defendant had absolutely confiscated all the property this poor man Seitz had, and then proceeded to state to the jury that the reason why trover was brought instead of replevin was because his client was too poor to give a replevin bond. Objections were made and sustained by the court and exceptions duly taken by the defendant. The conduct of counsel was manifestly improper and prejudicial to the rights of the defendant. There is enough natural and inherent prejudice in the minds of jurors against railroads and other corporations without having it augmented by direct and improper appeals calculated to arouse the sympathy, passion or prejudice of jurors. A lawyer who tries his case in a proper manner, observing the ethics of the profession, is at a great temporary disadvantage when trying a cause against counsel who resort to improper language to obtain a verdict. Verdicts thus obtained generally are

and always should be short-lived. Trial courts should set them aside as often as they are obtained. It is the policy of this court to discourage such misconduct on the part of lawyers by reversing judgments obtained by them when it is manifest they are the result of unprofessional conduct.

When this case was here before, it was reversed and remanded because the judgment was excessive. Without stopping to detail the evidence, we are of the opinion that the present judgment is also manifestly excessive.

For the reasons indicated, the judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*