### Springfield Consolidated Railway Company v. Nellie Bell.

1. ARGUMENT OF COUNSEL—*when impropriety in, will reverse.* It
is seldom that judgments have to be reversed because of improper
language in argument to the jury and courts of review take such
action with hesitation and reluctance, yet in clear cases .they will
and should reverse, because of improper remarks to the jury.

2. ARGUMENT OF COUNSEL—*what ground for reversal.* Upon the
second trial of a cause it is improper to inform the jury as to the
result of a previous trial, and where this is done in a case close
upon the facts, a reversal will follow.

Action in case for personal injuries. Appeal from the Circuit
Court of Sangamon county; the Hon. JAMES A. CREIGHTON. Judge,
presiding. Heard in this court at the November term, 1906. Re-
versed and remanded. Opinion filed June 1, 1907.

WILSON, WARREN & CHILD, for appellants.

STEVENS & STEVENS and C. F. MORTIMER, for appel-
lee.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion
of the court.

Nellie Bell brought suit in the Circuit Court of
Sangamon county against the Springfield Consolidated
Railway Company to recover damages alleged to have
resulted to her from the negligence of the servants of
the railway company. There were two trials had, on
the first of which there was verdict .in favor of Bell
in the sum of $1,500, which was set aside by the court
on motion for a new trial. On the second trial there

was a verdict returned in favor of Bell in the sum of $1,250 on which the court rendered judgment, from which the railway company has appealed.

Several errors have been assigned by appellant, but in the view we take of the case it is necessary to discuss only one of them and that one relates to the impropriety of the action of appellee's attorney in stating to the jury what the former verdict was.

It appears from the record that counsel for appellee, in his closing address to the jury used the following language: "If this woman is lying to you she has hoodwinked all her friends; she has hoodwinked the Clarks; she has hoodwinked the doctor and her attorneys; she has hoodwinked this jury and she has hoodwinked another jury before you." This was in effect telling the jury plainly that the verdict upon the former trial was in appellee's favor. If the case was not close upon the facts and the court could see from an inspection of the whole record that no harm resulted from such action of counsel, we would not reverse the case upon the ground of improper conduct, but where a case is extremely close upon the evidence and plaintiff's right to recover a very doubtful one, such conduct cannot be said to be free from prejudice and should not be excused.

That this case was of the latter type is quite apparent from an inspection of the record. Appellee upon her part called seventeen witnesses, while appellant called fully as many. Not only was the injury itself, and its character, sharply disputed and much in doubt, but appellee's reputation for truth and veracity was seriously questioned, while one witness, seemingly disinterested and not disputed by any one except appellee, testified that he alighted from the car in question at the same time that appellee did and that she neither fell nor was thrown from the car, but left it in apparent safety.

If the case had been submitted to the jury upon the evidence fairly, and a like verdict returned, appellee

could well have argued that it was the province of the jury to say where the truth lay and that a court of review should not reverse under such circumstances; but since the evidence was close and conflicting and the case doubtful upon its merits, we hold that the remarks employed by counsel for appellee were so prejudicial in their character as to necessitate a reversal of the judgment.

It is seldom that judgments have to be reversed upon this ground alone and courts of review take such action with hesitation and reluctance, yet in clear cases they will and should reverse, because of improper remarks to the jury. North Chicago Street Railway Co. v. Cotton, 140 Ill. 486-502. In Illinois Central Railroad Company v. Seitz, 111 Ill. App. 242, this court said: "Verdicts obtained by the use of improper language generally are and always should be short lived. Trial courts should set them aside as often as they are obtained."

If an attorney states to the jury prejudicial matters that have no proper place in the case, he jeopards the interest of his client and can expect only an uncertain verdict to be returned in his favor, which the court will not hesitate to set aside.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*