**Frank Cook, Administrator, Appellee, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company et al., Appellants.**

EVIDENCE—*what incompetent upon damages in action for death caused by alleged wrongful act.* In an action for death caused by alleged wrongful act, it is incompetent to permit a widow, a child of the plaintiff's intestate, to testify as to the number, ages and sex of her children and that such intestate had supported them for a number of years during which time they had attended school; and the error in the admission of such evidence cannot be cured by *remittitur.*

Action in case. Appeal from the Circuit Court of Edgar county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the May term, 1907. Reversed and remanded. Opinion filed April 21, 1908.

GEORGE B. GILLESPIE, for appellants; L. J. HACKNEY, HAMLIN & GILLESPIE and R. L. McKINLEY, of counsel.

F. W. DUNDAS and F. T. O'HAIR, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

In an action in case, by Frank Cook, administrator of the estate of William Gillum, deceased, against the C., C., C. & St. L. Ry. Co. and the C., V. & C. Ry. Co., the jury returned a verdict in favor of the plaintiff and against both defendants for $1,221. A *remittitur* of $421 was entered and judgment rendered upon the verdict for $800.

The declaration charges that it was the duty of the defendants not to place obstructions upon the crossings of public highways or in any way to render such crossings unfit or dangerous for public travel thereon; that disregarding said duty the defendants negligently strung certain semaphore wires at right angles across the sidewalk of a public street in the city of Paris, at the height of twelve inches above the ground, thereby forming a dangerous obstruction to said sidewalk, and that while the deceased was walking upon and along the same, and in the exercise of due care, he struck against said wires and was thereby caused to fall with great force to the ground, receiving injuries from which he afterwards died. The usual motions for directed verdicts were made at the close of plaintiff's case and again at the close of all the evidence. It is urged that the trial court erred in denying the same. The evidence adduced by the plaintiff tended to establish the following facts: Cherry street, which lies near the western boundary of the city of Paris, Illinois, is and has been for a number of years a public street of said city. It begins about two blocks north of the "Big Four" railroad tracks and runs due north. The land upon either side of that part of the street which lies north of the tracks is unenclosed and forms a part of the railroad yards. The street is well-defined and many vehicles pass over it. South of the tracks, the street has been graded by the city, is fenced

upon either side and the adjoining land is subdivided into lots upon which there are buildings. Upon the east side of this portion of the street was a gravel and cinder sidewalk which extends to the point where the accident occurred. A few feet south of the tracks, semaphore wires had been strung, running east and west and parallel with the tracks. In the center of the street such wires were placed underground, but where they were exposed, were from twelve to fourteen inches above its surface and were then run through the board fence which formed the eastern boundary of the street. Several persons had heretofore fallen over the wires during the time they were in the same position as when the present accident happened. About dusk on the evening of March 7, 1905, the deceased, who was about 71 years of age, accompanied by his daughter-in-law, was walking north along the sidewalk on the east side of the street. When he reached the wires in question, while attempting to step over them his foot caught between two of them and he was thrown backward to the ground. As the result of his fall, he suffered a fracture of one of his hips. He was thereafter confined to his bed for about four weeks, when death ensued from heart failure caused by exhaustion and confinement. There was some conflict in the evidence upon the question of contributory negligence and the approximate cause of death. As the judgment must be reversed for errors hereinafter indicated, we shall not discuss nor determine the weight of the evidence further than to hold that the trial court did not err in refusing to direct a verdict for the defendants.

The deceased was a widower with nine children. One of them was Mrs. Waters, a widow having two children, aged fourteen and sixteen years respectively. On the trial, the court, over objection, permitted her to testify as to the number, ages and sex of her children and that the deceased had supported them for fourteen years, and that during such time the chil-

dren had attended school. This evidence was wholly incompetent. It tended to arouse the sympathies of the jury and warp their judgment. Steel Co. v. Ostrowski, 194 Ill. 387; Jones & Adams Co. v. George, 227 Ill. 64. We are unable to say that it did not thus affect the jury and result in an enhancement of the damages, or unconsciously influence the jury in the decision in appellee's favor of other material controverted questions. The error was not one which could be cured by *remittitur* and the judgment must therefore be reversed and the cause remanded. Jones & Adams Co. v. George, *supra*.

*Reversed and remanded.*