## Thomas H. Pierce, Appellee, v. L. Wolff Manufacturing Company, Appellant.

### Gen. No. 15,078.

TRIAL—*when error to refuse continuance.* If counsel in the course of a trial has attempted to give the jury an impression that the plaintiff was without means and dependent upon the bounty of others for his livelihood and persists in such effort notwithstanding the adverse rulings of the court, it is error for the trial court to refuse an application for a continuance made on behalf of the defendant.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in this court at the October term, 1908. Reversed and remanded. Opinion filed May 2, 1910.

CALHOUN, LYFORD & SHEEAN, for appellant; ROBERT J. SLATER, of counsel.

J. ERB and JOHN P. KLEIN, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

In this action appellee recovered a judgment of $4,000 for personal injuries alleged to have been caused by the negligence of an elevator operator in defendant's employ. Defendant appeals.

Plaintiff's testimony is to the effect that April 16, 1906, he was in appellee's employ and had been for thirty-four years. It was his custom at the noon hour to go down to dinner on the elevator from the top floor where he was at work. On this occasion he got on the elevator at 12 o'clock noon to go down to the first floor. When the elevator stopped at the first floor the operator opened the doors as usual to allow his passengers to get off. These elevator doors opened in two parts, the upper part sliding up and the lower part sliding down into the elevator shaft. Plaintiff says the floor of the elevator when it stopped was on a level with the floor of the building, but he states that the lower door of the elevator was about two inches above the level of the floor, and that as he was leaving the elevator after he had gotten his right foot off and "was getting the other foot off, the elevator man began to raise that door up on me and threw me to the ground on my left side. The door slipped up on me. The door raised about seven inches". He states that his left foot struck against the metal door as he was going over it and that it tripped him and threw him, causing the injuries complained of. It is claimed in plaintiff's behalf that the accident deprived him of the use of his left leg, so that he cannot stand on it, and that he has been unable to work since.

After stating that at the time of the accident he was receiving two dollars and twenty-five cents a day, the plaintiff was asked: "Are you a man of any means at all?" to which plaintiff answered "No."

Defendant's counsel at once objected. The court sustained the objection and the answer was stricken out. Later plaintiff's attorney addressed the court as follows: "If your Honor please I desire to submit this proposition: Wouldn't it be proper for me to show that this plaintiff is obliged to live upon the bounty of others; that he is a source of expense—" The court interrupted, saying: "No, it not only would not be proper, but the mere statement by you now is prejudicial error". Defendant's attorney then said he was "constrained to move for a continuance because of the improper statement". The court said: "I don't know but what you are entitled to a continuance. Do you move for a continuance?" Defendant's attorney answered "Yes, I do". The court said to plaintiff's attorney, "Why isn't he entitled to a continuance?" Plaintiff's attorney in reply said: "Well now upon what theory—this statement is made upon the honest belief, as it is shown that being permanently disabled, he is under constant expense to support himself. Now that might be considered an element of damages in a case of this kind". The Court: "I don't know what I will do about it. I don't know what effect it will have on this trial, but you know that that was not a proper question—you know that was not a proper matter to bring up. I will overrule the motion for a continuance of the case. You take your exception".

The action of the court in overruling this motion for a continuance is assigned for error. It cannot be presumed that plaintiff's counsel was not aware of the impropriety of his successful attempt to give the jury an impression that the plaintiff was without means and dependent upon the bounty of others for his livelihood. The result could only be to excite the sympathy of the jury in the plaintiff's behalf, and thereby influence their verdict. It is true the court sustained defendant's objection to the first question, whether plaintiff was "a man of any means at all",

and the answer was stricken out. If it can be assumed that plaintiff's attorney did not know the question to be improper when he asked it, the court's ruling should have advised him. Nevertheless he proceeded to accomplish the same result and attracted the jury's attention more certainly under the guise of a question to the court in which he embodied the improper matter and gave the jury the impression that he was only prevented by a hard rule from introducing the improper evidence. In C. & S. L. Ry. Co. v. Kline, 220 Ill. 334-339, where questions ruled out as improper were practically repeated "so that the effect was to get before the jury by means of questions assumed facts which the defendants had no right to prove", the court said: "In such a case the harm is often done before the ruling and a correct ruling is not always a sufficient antidote. When the court has once ruled on the question it ought to have enforced respect for the ruling by not permitting reiterations" in any form. To the same effect is Chicago City Ry. Co. v. Gregory, 221 Ill. 591-599, where it is said: "All courts agree in excluding incompetent testimony and that an error in this respect will be sufficient cause for reversal. This rule would be but slight protection if counsel or witness could be permitted to make a statement, but not under oath, of the incompetent testimony, or counsel state the same fully to the jury in their argument or otherwise". In McCarthy v. Spring Valley Coal Co., 232 Ill. 473-479, it was said: "The statement to the jury that the appellee had a wife and five children was manifestly improper. Its only object could have been to enhance the damages by getting before the jury in this improper and unprofessional manner facts calculated to arouse their sympathy, which counsel knew could not in any legitimate way be brought to their attention. To admit evidence of such facts is error". In Jones & Adams Co. v. George, 227 Ill. 64-70, an action to recover for personal injury, where appellee was allowed to prove that he was a married

man and had three children, the court says: "The damages recoverable in this case can only be compensatory. The domestic relations, the standing or circumstances of the parties are therefore irrelevant". And further says that such evidence "is calculated to arouse a sympathy for appellee which is liable to unconsciously influence a jury in the decisions of other controverted questions of fact in the appellee's favor". It would seem after such repeated warnings, that attorneys in this class of cases ought to appreciate the practical wisdom of refraining from attempts to influence a jury in obviously improper ways, even when not restrained by considerations of professional propriety and higher standards of ethics. We are of opinion the motion to continue should have been granted.

Objection is made to instructions given in plaintiff's behalf. We are of opinion that in some respects these objections are not lacking in force, especially as to instruction number 4 relating to preponderance of evidence. See Chicago Union Traction Co. v. Hampe, 228 Ill. 346-350. As the case must be submitted to another jury we refrain from discussing the evidence. For the reasons indicated the judgment of the Superior Court will be reversed and the cause remanded.

*Reversed and remanded.*